UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HOWARD JOHNSON, | |
| Petitioner, | |
| v. | Civil No. 13-cv-1044-JPG |
| UNITED STATES OF AMERICA, | Criminal No 12-cr-40075-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner James Howard Johnson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  On December 7, 2012, the petitioner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The guilty plea was pursuant to a non-cooperating written plea agreement and its accompanying stipulation of facts.  On April 5, 2013, the Court sentenced the petitioner to serve 168 months in prison, with credit for 8 months of time served.  The petitioner did not appeal his sentence.

In his § 2255 motion, filed on October 7, 2013, it appears the petitioner raises the following grounds for relief:

Ground 1: he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel failed to inform him of the nature of the charge against him and the basis for that charge;

Ground 2: the Court lacked subject matter jurisdiction over his case; and

Ground 3: the Court committed misconduct by sentencing a "legal fiction."

The Court has reviewed these claims under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and finds that "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Accordingly, the Court will deny the motion and dismiss this case.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

I.      **Ground 1:   Ineffective Assistance of Counsel**

Johnson claims his counsel was constitutionally ineffective for failing to advise him of the "nature and cause," § 2255 Mot. at 6, of the charge against him.  The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Where the petitioner pled guilty as a result of alleged ineffective assistance of counsel, to

satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).   To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial.  *Hill*, 474 U.S. at 58; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004).   Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea.  *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007).   To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough.  *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").

Johnson, a 24-year-old English speaker who holds a GED, testified at his plea colloquy that he had received a copy of the indictment, the plea agreement and the stipulation of facts, that he had had discussed those documents with his counsel, and was fully satisfied with his counsel's representation and advice.   He further testified that he understood what he was charged with in the indictment.   Johnson cannot now disavow that he discussed the charge with his counsel and that he understood it and its consequences when he entered his guilty plea.   Representations made under oath at a plea colloquy are presumed to be true, *United States v. Chavers,* 515 F.3d 722, 724

(7th Cir. 2008), and Johnson offers no reason to reject that presumption in this case.

Even if Johnson's counsel's advice about the nature of the charge and the factual basis for it had been deficient, Johnson has not alleged anything or pointed to any objective evidence to establish prejudice, that is, that he would not have entered a guilty plea had his counsel advised him correctly.  On the contrary, it appears that Johnson knew before pleading guilty everything he claims his counsel failed to tell him because the Court or the Government advised him of those facts.  Nevertheless, he still pled guilty without objection, confirming three times that he was doing so as his own free and voluntary act.  During the plea colloquy, the Court advised Johnson of the nature of the charge against him and the possible penalties if he pled guilty, and Johnson stated he understood.  Later in the colloquy, the Government explained the factual basis for the charge, and Johnson admitted the factual basis was correct.  Additionally, Johnson confirmed that he had reviewed the plea agreement and stipulation of facts, which together explained the nature of the charge and the facts on which it was based, with his attorney and had signed those documents. He clearly knew the nature of the charge and the facts on which it was based before he pled guilty, and with that knowledge he chose to plead guilty.  He has provided nothing but his own self-serving statements that, had his attorney advised him differently, he would not have done so. That is insufficient to warrant relief under § 2255.

## II.       Ground 2:   Subject Matter Jurisdiction

It appears Johnson believes the Court lacks subject matter jurisdiction over this case because of something in 5 U.S.C. § 556(d), a statutory provision applicable to administrative hearings under the Administrative Procedures Act ("APA"), 5 U.S.C. § 500 *et seq.*  That part of the APA does not apply to the Court, which is not an administrative body but a district court of law established by Congress in 28 U.S.C. § 93(c) under the authority given by Article III, § 1 of the

Constitution.  This Court has jurisdiction to hear criminal matters by virtue of 18 U.S.C. § 3231: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Thus, Ground 2 provides no basis for § 2255 relief.

**III.    Ground 3:   Judicial Misconduct for Sentencing a "Legal Fiction"**

Johnson alleges as Ground 3, "Misapplication of statu[t]e which brings about Judicial misconduct," and as supporting facts, "Person name and charge is legal fiction and not proper party."  § 2255 Mot. at 10.  The Court is puzzled as to the nature of this argument, but suspects it is related to the straw man theory commonly advanced by tax protestors.  The Internal Revenue Service explains the straw man theory as follows:

> The "straw man" claim is premised on the erroneous theory that most government documents do not actually refer to individuals.  Users of the "straw man" theory falsely claim that only documents using an individual's name with "standard" capitalization, *i.e.*, lower-case with only the beginning letters of each name capitalized, are legitimate.  These individuals erroneously argue that the use of the individual's name in all upper-case letters, which is common in some government documents, refers to a separate legal entity, called a "straw man."  These individuals also erroneously argue that, as a result of the creation of a "straw man," they are not liable for the debts, including the tax debts, of their "straw man," that taxing the "straw man" is illegal because the "straw man" is a debt instrument based upon the labor of a real person and is, therefore, a form of slavery, or that no tax is owed by the real individual because it can be satisfied, or offset, by money in a "Treasury Direct Account" held in the name of the "straw man."

IRS Bulletin: 2005-14 (Apr. 4, 2005), http://www.irs.gov/irb/2005-14_IRB/ar13.html.  The IRS further reminds taxpayers that "[a]ll individuals are subject to the provisions of the Internal Revenue Code."

It appears Johnson may think the Court has sentenced his "straw man" and that Johnson himself (the real one, not the "legal fiction" straw one) is not subject to that punishment.  As with the Internal Revenue Code, all individuals are subject to the provisions of the United States'

5

criminal laws, and as the Court has explained earlier, it has jurisdiction to hear cases charging violations of those laws.  Doing so does not amount to judicial misconduct and provides no basis for § 2255 relief.

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Johnson's § 2255 motion, **DISMISSES** this case with prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 15, 2013**

                                 s/J. Phil Gilbert
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**