UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES HOWARD JOHNSON,

    Petitioner,

        v.                              Civil No. 13-cv-1044-JPG

UNITED STATES OF AMERICA,        Criminal No 12-cr-40075-JPG

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner James Howard Johnson's motions for an extension of time to file a notice of appeal (Doc. 4), for a certificate of appealability (Doc. 8), for leave to appeal *in forma pauperis* (Doc. 9) and to void judgment (Doc. 10).

**I.**    **Motion for an Extension of Time to File a Notice of Appeal (Doc. 4)**

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Rule 4(a)(1)(B) provides that, in a civil case in which the United States is a party, the notice of appeal must be filed within 60 days of entry of the order from which the appeal is taken. An inmate confined in an institution is considered to have timely filed a notice of appeal when he deposits it into the institution's internal mail system on or before the last day for filing. Fed. R. Civ. P. 4(c)(1); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

In this case, the Court entered final judgment on November 15, 2013. Thus, under Rule 4(a)(1)(B), Johnson had up to and including January 14, 2014, to file a notice of appeal. The certificate of service on his January 17, 2014, notice of appeal shows that he placed it into the prison mail system on January 13, 2014. Thus, it was timely, and there is no need to grant him an extension of time. Accordingly, the Court **DENIES as moot** Johnson's motion for an extension of time (Doc. 4).

**II.     Motion for a Certificate of Appealability (Doc. 8)**

A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing on a substantive ground for relief, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). To make such a showing where the Court denies relief on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

The Court finds that Johnson has not made a showing that reasonable jurists would find the constitutional claims debatable or that any debatable constitutional claims "lurk in the background" of any non-constitutional issues. Accordingly, the Court **DENIES** the motion for a certificate of appealability (Doc. 8).

**III.     Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. 9)**

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.   28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A).   A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).   The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

While the Court is satisfied that Johnson is indigent, it finds his appeal is frivolous for the reasons stated in the Court's November 15, 2013, order (Doc. 2).   Accordingly, the Court **DENIES** Johnson's motion for leave to proceed on appeal *in forma pauperis* (Doc. 9).

**IV      Motion to Void Judgment (Doc. 10)**

Because this motion was filed more than 28 days after entry of judgment, the Court construes this as a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).   *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).   It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.   *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).   Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."   *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).   The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.   *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).   It is also not an appropriate vehicle for

addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Johnson raises in his motion the same arguments he raised in his original petition, which the Court rejected. He has offered no reason justifying relief under Rule 60(b). Accordingly, the Court **DENIES** Johnson's motion to void the judgment (Doc. 10).

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with Appeal No. 14-1151.

**IT IS SO ORDERED.**
**DATED: February 4, 2014**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**